Reversed and Remanded and Memorandum
Opinion filed June 29, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00705-CV



Baytown
Radiology Association, Appellant 

v.

James E.
Carlton, Individually and a/n/f of Robert Lee Carlton, Jr., a Minor, Appellee 



On Appeal from
the 270th District Court

Harris County, Texas

Trial Court
Cause No. 2008-56529



 

MEMORANDUM OPINION 

In this health-care liability case, a radiology
association challenges the trial court’s adverse ruling on the association’s objections
to an expert medical report and motion to dismiss health-care liability claims
for a plaintiff’s failure to file an expert report in compliance with section
74.351 of the Texas Civil Practice and Remedies Code.  Because the expert
report fails to satisfy the statutory requirements as to causation, we reverse
the trial court’s order and remand for further proceedings consistent with this
opinion. 

I.         Factual and
Procedural Background

Robert Lee Carlton, Jr., a minor, visited a hospital emergency
room complaining of knee pain following an injury he sustained in a football
game.  Appellant Baytown Radiology Association took x-rays of the injury. 
Radiologist Luis Albuerne, M.D., who is affiliated with Baytown Radiology,
interpreted the x-ray series of Robert’s right knee.  Robert was treated by an emergency
room physician.  Robert was advised that he had suffered a “sprain strain” in
his right knee and was discharged from the hospital with a knee brace and medication.


Several weeks later, Robert visited a pediatrician
who referred him to orthopedic specialist Dr. David Howie.  Dr. Howie examined
Robert several months after the referral.  Dr. Howie determined that Robert had
suffered a fracture in his right knee, which was not treated at the hospital,
and subsequently healed improperly.  

Appellee James E. Carlton, individually and as next
friend to Robert Lee Carlton, Jr., filed a health-care liability claim against appellant
Baytown Radiology Association and other defendants San Jacinto Methodist Hospital,
San Jacinto Methodist Hospital Services, and Ashok Gokhale, M.D., seeking to
recover damages for the defendants’ negligence in failing to properly diagnose
Robert’s knee injury.[1] 
Carlton alleges that the defendants’ failure was a proximate cause of Robert’s injury,
which could have been avoided had the defendants met the required standard of
care.  Specifically, Carlton claims that Baytown Radiology breached the
standard of care by failing to correctly interpret the x-ray film and diagnose the
fracture in Robert’s right knee.  Baytown Radiology filed a general denial, an
affirmative defense, and special exceptions.

In attempting to comply with section 74.351 of the
Texas Civil Practice and Remedies Code, Carlton designated Dr. David Howie as
an expert witness who provided a written expert report and his curriculum
vitae.  Baytown Radiology objected to the report, challenging the expert’s
qualifications to opine as to the standard of care and the adequacy of the report
as to the elements of standard of care and causation.  Baytown Radiology moved
to dismiss the claims.  The trial court sustained Baytown Radiology’s
objections to the expert report, but denied Baytown Radiology’s motion to
dismiss.  The trial court granted a thirty-day period to remedy deficiencies in
the report in accordance with Chapter 74 of the Texas Civil Practice and
Remedies Code, also known as the Medical Liability Act.

Carlton filed an amended expert report and curriculum
vitae of David I. Howie, M.D.  Baytown Radiology objected to the amended expert
report, challenging Dr. Howie’s qualifications as an expert on the standard of
care and the sufficiency of the report in addressing the standard of care and
causation.  The trial court overruled Baytown Radiology’s objections to the
amended expert report and denied Baytown Radiology’s motion to dismiss.  Baytown
Radiology now appeals these adverse rulings.

II.        Standard of Review 

Baytown Radiology brings this interlocutory appeal
challenging the trial court’s order denying his motion to dismiss Carlton’s
claims under section 74.351 of the Texas Civil Practice and Remedies Code.[2]  See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(9) (Vernon 2008) (providing that a trial court’s order denying
a party’s motion to dismiss under section 74.351(b) of the Medical Liability
Act is an appealable interlocutory order).  In three issues, Baytown Radiology
claims that the trial court abused its discretion in denying its motion to
dismiss, challenging Dr. Howie’s qualifications as an expert to render an
opinion as to the standard of care and the sufficiency of Dr. Howie’s expert
report in addressing the elements of standard of care and causation.

We apply an abuse-of-discretion standard when
reviewing a trial court’s decision regarding the adequacy of an expert report. 
See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d
873, 875 (Tex. 2001).  We also review a trial court’s determination that an
expert witness is qualified under an abuse-of-discretion standard.  See
Broders v. Heise, 924 S.W.2d 148, 151–52 (Tex. 1996).  Carlton, as the
proponent of the expert, had the burden to show that the expert was qualified. 
See id. at 151.  The trial court abuses its discretion if it acts
arbitrarily, unreasonably, or without reference to guiding rules or
principles.  See Bowie Mem’l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex.
2002).  Although this court may not substitute its judgment for that of the
trial court, the trial court has no discretion in determining what the law is
or applying the law to the facts.  Id.; Sanjar v. Turner, 252
S.W.3d 460, 463 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

III.      Analysis

Did the trial court err in denying the motion to
dismiss?

Under section 74.351, a claimant, not later than the
120th day after the date a health-care liability claim is filed, must serve on
each party one or more expert witness reports addressing liability and
causation.  Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(a), (j) (Vernon 2005); Lewis v. Funderburk,
253 S.W.3d 204, 205 (Tex. 2008).  An “expert report” is defined as

A written report by an expert that provides a fair
summary of the expert’s opinions as of the date of the report regarding
applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards, and the causal
relationship between that failure and the injury, harm, or damages claimed.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6).  A trial
court shall grant a motion challenging the adequacy of the expert report if the
report is not an objective good-faith effort to comply with the definition of
an expert report provided in section 74.351(r)(6).  Id. §§ 74.351(l),
(r)(6).  The trial court’s inquiry is limited to the four corners of the
report.  Palacios, 46 S.W.3d at 878.  

A good-faith effort requires that the report, for
each defendant, provide a fair summary of the expert’s opinions about the
applicable standard of care, the manner in which the care failed to meet that
standard, and causation.  The report must provide sufficient specificity to
inform the defendant of the conduct the plaintiff has called into question and
to provide a basis for the trial court to conclude that the claims have merit. 
Id. at 878–79.  Omission of any of the statutory elements prevents the
report from being a good-faith effort.  Id. at 879.  A report that
merely states the expert’s conclusions about the standard of care, breach, and
causation does not meet the statutory requirements.  Id.  In providing
the expert’s opinions on these elements, the claimant need not marshal evidence
as if actually litigating the merits at trial or present sufficient evidence to
avoid summary judgment.  Id. at 878–79; Patel v. Williams, 237
S.W.3d 901, 904 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  

            The expert
report is deficient as to the element of causation because it fails to address
the causal relationship between any breach of the standard of care and the
injuries that Robert allegedly sustained.  See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6).  An
expert report must show causation beyond mere conjecture and must contain
information on causation.  Wright, 79 S.W.3d at 52.  A report that contains
merely conclusory insights about the plaintiff’s claims is inadequate.  Id. 
Rather, the expert must explain the bases of the statement and link the
expert’s conclusions to the facts.  Id.  

In his petition, Carlton alleges that the defendants collectively
failed to properly diagnose Robert’s injuries, resulting in a fracture that
went untreated and healed improperly, and that the failure was a proximate
cause of Robert’s injuries.  However, in his report, Dr. Howie makes no attempt
to link Baytown Radiology’s failure to diagnose a fracture from an x-ray with
any injuries Robert sustained.  In fact, the report states that Robert had
“essentially full motion of the knee” four months after Dr. Howie’s initial
consultation with Robert, and that Robert sustained a new injury in a football
game over one year after the original injury occurred; however, Dr. Howie notes
that the fracture remained healed with no recurrent fracture.  Dr. Howie
states, “With all likelihood, Robert should do well,” although he notes the
possibility of “growth arrest.”  Dr. Howie does not state in the report how the
failure to diagnose a fracture could have caused any damages alleged—particularly
when he states, “Robert has had a fairly good outcome, it is difficult to say
whether or not this has truly impacted his care, but nevertheless there was a
failure to diagnose appropriately in this case.”  Dr. Howie simply does not
state any facts upon which he relies to conclude that the injuries Robert
sustained were somehow caused by the asserted negligence of Baytown Radiology
or its employees.  The report, in fact, does not contain any information
regarding how the conduct of Baytown Radiology or its employees could have
contributed to any injuries alleged in Carlton’s petition.

            Considering the
four corners of Dr. Howie’s expert report, we conclude that the averments and
opinions in the expert report contain conclusory statements concerning
causation.  See Wright, 79 S.W.3d at 52–53 (finding inadequate an
expert’s statement that “if the x-rays would have been correctly read and the
appropriate medical personnel acted upon those findings then Wright would have
had the possibility of a better outcome”); Longino v. Crosswhite ex rel.
Crosswhite, 183 S.W.3d 913, 918 (Tex. App.—Texarkana 2006, no pet.) (concluding
expert report was deficient because it lacked specific conduct concerning the
defendant and contained only conclusory statements concerning causation); Davis
v. Spring Branch Med. Ctr., Inc., 171 S.W.3d 400, 407–10 (Tex. App.—Houston
[14th Dist.] 2005, no pet.) (concluding expert report was deficient because
four corners of report lacked information linking the expert’s conclusion to
the defendant’s breach).  Dr. Howie’s expert report did not put Baytown
Radiology on notice of the causal relationship, if any, between any asserted negligence
by Baytown Radiology and any alleged injuries sustained by Robert. 
Accordingly, the trial court abused its discretion in denying Baytown
Radiology’s motion to dismiss Carlton’s claims against Baytown Radiology with
prejudice under section 74.351.  We sustain Carlton’s third issue on appeal.[3]

III.      Conclusion

We reverse the trial court’s order and remand this
case to the trial court with instructions to render judgment dismissing
Carlton’s claims against Baytown Radiology with prejudice.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Boyce, and Sullivan.

 









[1]
It is unclear from the record whether the claims against the other defendants
have been resolved; however, they are not parties on appeal.





[2]
Unless otherwise noted, all references to a “section” or “subsection” pertain
to the Texas Civil Practice and Remedies Code.





[3]
Because we conclude that the expert report did not satisfy the statutory
requirement of causation, it is not necessary for this court to determine
whether the report is sufficient as to the element of standard of care or
whether Dr. Howie was qualified to offer an opinion as to the standard of care,
as presented in Baytown Radiology’s first and second issues.